IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ARTHUR DELEON WILSON, | ) | Civil Action No. 4:12-00043-TLW |
| | ) | Criminal No. 4:04-146-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Arthur Deleon Wilson. ("Petitioner" or "Defendant"). On February 25, 2004, a federal grand jury returned a four count Indictment charging Petitioner with drug and firearms offenses. (Doc. # 1). On May 4, 2004, Petitioner entered a guilty plea to Count 1 of the Indictment, Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841, and Count 2 of the Indictment, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922 and 924. (Docs. # 24 and # 25). On August 18, 2004, a sentencing hearing was held in which Petitioner was sentenced to a term of imprisonment of 192 months as to both Count 1 and Count 2, those terms to run concurrently. (Docs. # 27 and # 29). Judgment was entered on September 14, 2004. (Doc. # 29). Petitioner pursued a direct appeal of his conviction and sentence. By opinion dated August 15, 2005, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence with said judgment entering on October 28, 2005. (Docs. # 37 and # 39). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.[1]

---

[1] Petitioner did subsequently pursue and receive a sentencing reduction pursuant to Federal Rule of Criminal Procedure 35(b), reducing his sentence to 132 months imprisonment. (Docs. # 53 and # 57).

On January 3, 2012, Petitioner filed the present action raising one ground of relief. (Doc. # 59). Petitioner contends that he is serving an illegally enhanced sentence in that one of the prior South Carolina convictions that was used to enhance his sentence pursuant to 18 U.S.C. § 924(e) (the Armed Career Criminal Act or "ACCA"), specifically his prior conviction for Involuntary Manslaughter, is not an appropriate predicate offense for ACCA purposes. Id.

On February 7, 2012, the Government filed its response in which it moved for dismissal of the petition and/or for summary judgment. (Doc. # 63). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed February 13, 2012 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 64). Petitioner has filed no response in opposition. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that

"'[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to the single ground for relief raised by Petitioner. In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## **DISCUSSION**

Petitioner's single asserted ground for relief concerns the use of his 1977 South Carolina conviction for Involuntary Manslaughter as a predicate offense in classifying him as an armed career offender under the ACCA. Specifically, Petitioner contends that the Fourth Circuit's decisions in United States v. Peterson, 629 F.3d 432 (4th Cir. 2011) and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which both involve North Carolina offenses and neither of which involve construction of the ACCA, entitle him to relief. (Doc. # 59 at p. 4). The Government, in turn, counters that Petitioner's application is properly dismissed as time-barred and otherwise lacking merit. (Doc. # 63).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Petitioner sought a direct appeal of his conviction and sentence. The Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on August 15, 2005. (Doc. # 37). Appellant's petition for a rehearing was denied on October 18, 2005. (Doc. # 38). The mandate issued on October 26, 2005. (Doc. # 39). Petitioner did not petition for a writ of certiorari to the Supreme Court and so his conviction became final 90 days after the request for rehearing was denied, in or about mid-January 2006.[2] Petitioner's one year limitation period to

---

[2] A petition for a writ of certiorari to review a judgment in any case, civil or criminal, is timely when it is filed with the Clerk of the United States Supreme Court within 90 days after the entry of the judgment. U.S. Sup. Ct. Rule 13(1). The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately

file under § 2255 expired approximately one year later, in or about mid-January 2007. As noted, Petitioner did not file this present action until January 3, 2012. (Doc. # 59). That is nearly five years after expiration of the presumptive limitation period.

In his filing, Petitioner appears to argue that the aforementioned recent <u>Peterson</u> and <u>Simmons</u> decisions excuse the lateness of his application. <u>Id.</u> However, this argument is unavailing. While a litigant in Petitioner's position may timely file a § 2255 motion to vacate within one (1) year of a United States Supreme Court decision that recognizes a new right and makes it retroactively applicable to cases on collateral review, that is not what occurred here. As an initial matter, the cases relied upon by Petitioner are not decisions of the United States Supreme Court and therefore do not reset the clock on the § 2255 limitation period. In addition, while the Fourth Circuit in the <u>Peterson</u> case did rely upon the Supreme Court case of <u>Begay v. United States</u>, 553 U.S. 137 (2008), in holding that a North Carolina manslaughter conviction was not a "crime of violence" under the United States Sentencing Guidelines, the <u>Begay</u> opinion issued on April 16, 2008. Therefore, even if Petitioner could have timely filed a motion to vacate within one (1) year after the <u>Begay</u> decision, Petitioner still failed to do so by a wide margin.

A similar analysis applies with respect to the <u>Simmons</u> case cited by Petitioner. The Fourth Circuit in <u>Simmons</u> relied upon the Supreme Court case of <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2377 (2010), in holding that a particular North Carolina marijuana drug offense could

---

entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment. U.S. Sup. Ct. Rule 13(3).

not be used for sentence enhancement purposes under the Controlled Substance Act (CSA), 21 U.S.C. 841(b)(1)(B). Simmons, 649 F.3d at 243-44 (4th Cir. 2011). However, the Carachuri-Rosendo opinion issued on June 14, 2010. Again, Petitioner did not file this present application until January 3, 2012. (Doc. # 59).

Although the Fourth Circuit does recognize a doctrine of equitable tolling of the statute of limitations governing § 2255 petitions that may apply in limited situations, Petitioner has cited no grounds capable of justifying an equitable tolling in this case. The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.[3]

## **CONCLUSION**

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 59) and the Government's motion for summary judgment is **GRANTED**. (Doc. # 63).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate

---

[3] As the Government points out in its memorandum, there are equally compelling alternative grounds to deny relief in this case. (Doc. # 63-1 pp. 7-10) Perhaps the most basic of these is that the two cases upon which Petitioner attempts to rely, Peterson and Simmons, both involved North Carolina offenses, not the South Carolina offense of Involuntary Manslaughter. The Peterson case did concern the North Carolina offense of Involuntary Manslaughter. However, as the Government notes in its brief, the Fourth Circuit in Peterson made a point to distinguish the North and South Carolina offenses on the basis of South Carolina's more exacting *mens rea* element. See Peterson, 629 F.3d at 438. Both Simmons and Peterson are therefore inapposite to Petitioner's case. It should also be noted, as the Government argues in its brief, that even if this Court were to conclude that Petitioner's sentence was inappropriately enhanced as to Count 2 of the Indictment, the fact remains that Petitioner also pled guilty to Count 1 of the Indictment and received a concurrent sentence as to Count 1. None of the arguments raised by Petitioner call into question the viability of Petitioner's concurrent sentence of 192 months as to Count 1 of the Indictment. (Doc. # 63 p.8)

from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.


July 16, 2012                            __s/Terry L. Wooten_____
Florence, South Carolina              United States District Judge